[Docket No. 21]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ANN BRILLIANT,<br><br>    Plaintiff,<br><br>v.<br><br>OUTBACK STEAKHOUSE OF FLORIDA, LLC,<br><br>    Defendant. | Civil No. 23-20307 (RMB-SAK)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

Plaintiff Ann Brilliant slipped and fell at an Outback Steakhouse. She does not know how or why she slipped. She says that the floor was just slippery. Outback has moved for summary judgment arguing that, as a matter of law, no reasonable jury could find that Outback negligently maintained its floor. The Court agrees. Subjective testimony characterizing a floor as inherently slippery, without evidence of a specific hazardous condition or deviation from accepted safety standards, is not enough to raise a triable issue of fact for a jury. Accordingly, the Court will **GRANT** Defendant's Motion for Summary Judgment and **DISMISS** the Complaint.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ann Brilliant met her friend, Darsell Pigford, for dinner at an Outback Steakhouse in Deptford, New Jersey. [SOMF ¶ 3.] As the restaurant hostess led Ms. Brilliant and Ms. Pigford to their table, Ms. Brilliant slipped and fell, fracturing her

arm and breaking her leg. [SOMF ¶ 4; Docket No. 25-2 (Deposition Transcript of Ann Brilliant ("Brilliant Depo.") at 32:6–10.]

At her deposition, Ms. Brilliant testified that she did not notice any substance on the floor that caused her to slip. [SOMF ¶ 7.] She "guess[ed]" that the floor was slippery because it "had a wax residu[e] on [it]" that made it feel like "a sheet of ice." [Brilliant Depo. at 36:21–24.] She denied seeing or feeling any wax residue on the floor, however. [SOMF ¶ 7.]

Ms. Pigford testified at her deposition that she has frequently dined at the Deptford Outback and that the floor "always seems to be slippery." [SOMF ¶ 15.] But, like Ms. Brilliant, she was unaware of any particular condition that made the floors slippery other than noticing that the floor has a "shiny" and "glaze[d]" quality. [*Id.*; Docket No. 25-1, Deposition of Darsell Pigford ("Pigford Depo.") at 39:9–13.] At one of her prior visits to the restaurant, she apparently alerted restaurant staff about the slipperiness of the floor. [*Id.*]

When Ms. Pigford arrived home after dinner she called her sister, Adriane Cook, to tell her about Ms. Brilliant's fall. [SOMF ¶ 19.] By chance, Ms. Cook also dined at the Deptford Outback earlier that same day and responded to her sister that she too observed that the floor was slippery to walk on. [*Id.*] At her deposition, Ms. Cook, like Ms. Brilliant and Ms. Pigford, stated that she was unaware of any particular condition that made the floor slippery, testifying only that the floor was "smooth[]" "like ice" and felt "greas[y]" to walk on, although she could discern no actual substance coating the floor. [Docket No. 25-3, Deposition of Adriane Cook ("Cook

Depo.") at 23:10–14; 36:23–37:1; 56:5–10.] She could not remember if she put anyone at the restaurant on notice that the floor was slippery but testified that she "may" have told her waitress. [SOMF ¶ 20; Cook Depo. at 24:5–10.]

Plaintiff filed this action against Outback alleging that the restaurant negligently failed to maintain its floor. Defendant filed the instant Motion for Summary Judgment arguing that Plaintiff has failed to establish that the maintenance of the restaurant floor was such a departure from normal or generally accepted standards as to create a dangerous condition.

## II.   LEGAL STANDARD

Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* at 250.

When deciding the existence of a genuine issue of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Products Corp.*, 720 F.2d 303, 307 n.2 (3d Cir.1983). However, "the mere existence of a scintilla of evidence," without more, will not give rise to a genuine issue for trial. *Anderson*, 477 U.S. at 252. In the face of such evidence, summary judgment is still appropriate "[w]here the record … could not lead a rational trier of fact to find for the nonmoving party…." *Matsushita*

3

*Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "Summary judgment motions thus require judges to 'assess how one-sided evidence is, or what a "fair-minded" jury could "reasonably" decide.'" *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 265).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250 (quoting FED. R. CIV. P. 56(e)). The non-movant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995).

## III. ANALYSIS

A negligence plaintiff must establish four well-known elements "by some competent proof" to sustain her cause of action: (1) a duty of care owed by the defendant; (2) a breach of that duty; (3) that the defendant caused the breach of duty; and (4) that she suffered actual damages. *See Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (citations omitted). Like all businesses, restaurants have a duty to maintain a

reasonably safe premises for their customers, including discovering and eliminating dangerous conditions. *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003).

Plaintiff cannot survive summary judgment because she has failed to present evidence outside of her and her witnesses' own subjective characterizations that Outback maintained its floor negligently. In *Overby v. Union Laundry Co.*, the Appellate Division affirmed a grant of summary judgment against a plaintiff who slipped on a recently waxed floor. 100 A.2d 205, 208 (N.J. App. Div. 1953), *aff'd*, 103 A.2d 404 (N.J. 1954). The court explained that the mere fact that a plaintiff falls on a waxed floor is not enough to infer negligence; instead, the plaintiff has to show that the way the floor was waxed—in terms of the "nature or quantity of the substance used, or in the manner or time of its application"—was "such a departure from the normal or generally accepted standards as to create a hazard of a tortious character for the lawful users of the premises." *Id*. at 208. Here, as in *Overby*, Plaintiff has failed to produce any evidence that the floor was negligently waxed (or that it was waxed at all).

More recently, in *Pasterkiewicz v. Marina Buffet, Inc.*, the Appellate Division granted summary judgment to the defendant-restaurant where a plaintiff slipped on a floor that he testified was "brightly shiny" and "highly polished." 2017 WL 393942, at *1–2 (N.J. Super. Ct. App. Div. Jan. 30, 2017). But other than this testimony that the floor was "inherently" slippery, the plaintiff failed to introduce any evidence, including expert evidence, "that the floor was exceptionally slippery, or that it violated some standard that a reasonably prudent person would meet." *Id*. at * 2. Nor did he

present any evidence that any "fallen food, debris or liquid created a dangerous condition." *Id*. at *3.

As in *Pasterkiewicz*, Plaintiff's and her witnesses' subjective descriptions of the floor as "greas[y]" "shiny," and like "a sheet of ice" are not enough to create a triable issue of fact for a jury. [Cook Depo. at 36:23–37:1; Pigford Depo. at 39:9–13; Brilliant Depo. at 36:21–24.] She did not introduce any evidence, including expert evidence, to establish that floor's condition deviated from some well-established standard, that floor-wax was negligently applied to the floor, or that she slipped on a foreign substance that was negligently left on the floor. A jury is not permitted to speculate what caused Plaintiff's fall. *Toney v. Boardwalk Regency Corp.*, 2010 WL 148805, at *3 (D.N.J. Jan. 13, 2010) ("A jury is not permitted to speculate as to whether defendant's alleged negligence caused plaintiffs' injuries."); *Pasterkiewicz*, 2017 WL 393942, at *3 ("Once [a] plaintiff's claim is confined to the floor's inherent qualities, it must fail" because "a person's slip and fall on a shiny floor by itself does not bespeak negligence by the premises owner."). Thus, summary judgment is appropriate.

Courts outside of New Jersey have likewise recognized that a plaintiff "cannot prevail on a negligence claim … where [she] fail[s] to put forth any evidence that the floors were excessively slippery, other than subjective characterizations about the appearance of the floor." *Fultz v. Target Corp.*, 2016 WL 374141, at *4 (N.D. Ill. Feb. 1, 2016) (applying Illinois law). For example, in *Habershaw v. Michaels Stores, Inc.*, the Rhode Island Supreme Court held that absent evidence that wax or polish had been negligently applied to the floor or that there was some other foreign substance on the

6

floor, a plaintiff's testimony that the floor looked "shiny" is insufficient to defeat summary judgment. 42 A.3d 1273, 1277 (R.I. 2012). Similarly, the plaintiff in *Varghese v. Kellermeyer Bergensons Services, LLC*, described the floor she slipped on as "shiny." 2019 WL 1114903, at *4 (E.D. Pa. Mar. 8, 2019). But the court, applying Pennsylvania law, granted summary judgment to the defendant explaining that beyond her own testimony, there were "no facts from which a fact-finder could adduce the existence of a dangerous condition" and that a jury would be left to impermissibly speculate as to what caused her to fall. *Id.* at *5.[1] That well-supported rule applies here.

Plaintiff argues that the Court should deny summary judgment because Outback failed to produce, in discovery, completed opening and closing inspection checklists as well as a completed facilities inspection checklist, all of which were supposed to be completed by restaurant staff each day. Outback only produced a blank version of the opening checklist. [Docket No. 25 ("Pl.'s Br.") at 16–19.] Plaintiff argues that "[b]ased on [D]efendant's failure to preserve [its] records, a negative inference

---

[1] New York courts, too, have consistently granted summary judgment where a plaintiff relies only on subjective characterizations about the appearance of the floor. In *Lee v. Rite Aid of New York, Inc.*, New York's Second Department affirmed a grant of summary judgment where the plaintiff failed to introduce "evidence of a negligent application of floor wax or polish" and noted that "the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to any inference of negligence." 261 A.D.2d 368, 368 (N.Y. 2d Dep't 1999). Her testimony that the floor was "very slippery" and "speculat[ion]" that the floor was slippery because it was improperly waxed was insufficient to raise a material issue of fact sufficient to defeat the defendant's motion for summary judgment. *Id.* at 369; *Cietek v. Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 A.D.3d 1628, 1629 (N.Y. 3d Dep't 2010) ("It is well settled, however, that a cause of action for negligence cannot be maintained against a building owner solely on the basis of an inherently slippery floor.").

must be drawn that [it] either never created the records, or that the records were destroyed because they were harmful to the [D]efendant. [*Id*. at 19.]

The Court disagrees. First, Plaintiff never appears to have objected in discovery to Outback's failure to produce completed versions of the opening, closing, and facilities checklists from the day of the accident. She cannot create a genuine dispute of material fact by failing to object to Outback's discovery responses and productions. Second, the Court finds that production of the completed checklists, if they exist, would not create a triable dispute of fact. The checklists, at most, would establish that inspections were conducted—not what, if anything, was observed during those inspections, let alone that any hazardous condition was or should have been detected. *See Pasterkiewicz*, 2017 WL 393942, at *3 (even where plaintiff is relieved of proving notice of a dangerous condition, she must still prove that there was a condition that was dangerous). Here, the undisputed evidence is that there was no admissible evidence of a dangerous hazard on the floor and, as such, the argument that any such hazard could have been identified or remedied by an inspection procedure is speculative. [SOMF ¶¶ 7, 15, 24.] Accordingly, the Court will grant summary judgment and dismiss the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment will be **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE**. An accompanying Order shall issue.

**May 7, 2025**  
Date

                    **s/Renée Marie Bumb**  
                    RENÉE MARIE BUMB  
                    Chief United States District Judge